**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Frank Egger,

     Plaintiff,

v.                                                        Case No.: 8:26-cv-1089

Credit9, LLC, Experian Information Solutions,
Inc.; and Equifax Information Services, LLC,

     Defendants,

## INTRODUCTION

1.      This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff Credit9ed inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2.      Plaintiff is, and was at all times hereinafter mentioned, a resident of Florida.

3.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4.      Defendant, Credit9, LLC, (hereinafter "Credit9") is a corporation operating under the laws of the State of Florida and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. At all times pertinent hereto, Credit9 was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Florida.

7. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Florida.

8. Defendant Experian and Equifax are, and at all times relevant hereto were, regularly doing business in the State of Florida.

9. Experian and Equifax are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

10. Experian and Equifax furnish such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Experian and Equifax were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

12. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Florida and Defendants do business in Florida.

14. Personal jurisdiction exists over Defendants as Plaintiff resides in Florida, Defendants have the necessary minimum contacts with the state of Florida, and this suit arises out of specific conduct with Plaintiff in Florida.

## FACTUAL ALLEGATIONS

15.    Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Credit9, Experian, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

16.    On or about August 2023, Credit9 canceled the alleged debt of Plaintiff for a Credit9 account, account number beginning 398385, (the "Account").

17.    Credit9 issued Plaintiff an IRS Form 1099-C, stating it discharged the debt tied to the Account.

18.    The form 1099-C canceled the balance owed on the Account.

19.    Upon information and belief, Credit9 submitted the form 1099-C to the IRS, reporting the debt canceled as income attributable to Plaintiff.

20.    Because of this, Plaintiff was obligated to pay taxes on the cancelled debt.

21.    Prior to issuing the form 1099-C, Credit9 actively attempted to collect the debt from Plaintiff using telephone calls, letters, and collection notices.

22.    After cancelling the debt, Credit9 discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

23.    Prior to cancelling the debt, Credit9 provided periodic statements and letters containing information about the Account.

24.    After cancelling the debt, Credit9 discontinued its practice of providing periodic statements and letters containing information about the Account.

25.    Based on the issuance of the form 1099-C, and on Credit9's activity or inactivity related to collecting the debt, it is clear that Credit9 has cancelled the debt associated with the Account.

26.    Plaintiff relied on receipt of the IRS Form 1099-C from Credit9 in Plaintiff's decision-making and activities concerning the Account.

27.     In spite of cancelling the debt, Credit9 continued, erroneously, to report a balance due on the Account to the credit reporting agencies, which appeared on Plaintiff's consumer reports.

28.     In or about December 2025, Plaintiff obtained a copy of Plaintiff's credit reports from Equifax and Experian.

29.     Upon review of Plaintiff's credit reports, Plaintiff observed that Credit9 was reporting that Plaintiff owed a past due balance on the Account on Plaintiff's Equifax and Experian credit reports.

30.     The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

31.     Equifax and Experian each published the false and misleading information regarding the Account to third parties.

### PLAINTIFF'S WRITTEN DISPUTE

32.     In December 2025 Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

33.     In December 2025 Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

34.     Despite the clarity and detail provided in the Experian Dispute and Equifax Dispute (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Equifax and Experian consumer report with a balance past due.

35.     Upon information and belief, Experian and Equifax forwarded Plaintiff's Written Disputes to Defendant Credit9.

36.     Upon information and belief, Credit9 received notification of Plaintiff's Written Disputes from Experian and Equifax.

4

37. Credit9 did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

38. Experian and Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

39. Upon information and belief, Credit9 failed to instruct Experian and Equifax to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

40. Experian and Equifax each employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Account identified in Plaintiff's Written Disputes.

41. At no point after receiving the Written Disputes did Credit9 and/or Experian and Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

42. Experian and Equifax relied on its own judgment and the information provided to them by Credit9 rather than grant credence to the information provided by Plaintiff.

43. Experian and Equifax published the false and misleading information regarding the Account to third parties.

### COUNT I – EXPERIAN AND EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

44. Plaintiff re-alleges and reaffirms the above paragraphs 1 through 43 as though fully set forth herein.

45. After receiving the Written Disputes, Experian and Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

46.     Experian and Equifax each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

47.     As a result of this conduct, action and inaction of Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48.     Experian and Equifax's conduct, action, and inaction was willful, rendering Experian and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49.     In the alternative, Experian and Equifax were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50.     Plaintiff is entitled to recover costs and attorneys' fees from Experian and Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EXPERIAN AND EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

51.     Plaintiff re-alleges and reaffirms the above paragraphs 1 through 43 as though fully set forth herein.

52.     After receiving the Written Disputes, Experian and Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

53.     Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

54.     As a result of this conduct, action and inaction of Experian and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55.     Experian and Equifax's conduct, action, and inaction was willful, rendering Experian and Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56.     In the alternative, Experian and Equifax were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57.     Plaintiff is entitled to recover costs and attorneys' fees from Experian and Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – CREDIT9

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681s-2(b)

58.     Plaintiff re-alleges and reaffirms the above paragraphs 1 through 43 as though fully set forth herein.

59.     After receiving the Written Disputes, Credit9 failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

60.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Credit9's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Credit9's representations to consumer credit reporting agencies, among other unlawful conduct.

61.     As a result of this conduct, action, and inaction of Defendant Credit9, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. Defendant Credit9's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, Defendant Credit9 was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Defendant Credit9 pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:    April 15, 2026

*/s/ Trescot Gear*
Trescot Gear
Gear Law, LLC
711 South Howard Avenue, Suite 200
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff